THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| WILSON ELECTRONICS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SOLIDRF TECHNOLOGY, INC., <br><br> Defendant. | MEMORANDUM DECISION AND ORDER SANCTIONING DEFENDANT WITH DEFAULT JUDGMENT <br> AND <br> DIRECTING PLAINTIFF TO SUBMIT AN AFFIDAVIT OF DAMAGES AND PROPOSED DEFAULT JUDGMENT <br><br> Case No. 4:22-cv-00074-DN-PK <br><br> District Judge David Nuffer |

Defendant's counsel withdrew on November 16, 2023.[1] The order permitting counsel's withdrawal required Defendant to have new counsel file a notice of appearance within 21 days.[2] And the order warned Defendant that a failure to timely appear through new counsel may result in sanctions, including entry of default judgment.[3]

Defendant failed to timely appear through new counsel, and on December 12, 2023, Magistrate Judge Paul Kohler entered an order directing Defendant to show cause for its failure by no later than December 29, 2023.[4] The Order to Show Cause warned Defendant that its failure to adequately show cause may result in sanctions, including entry of default judgment.[5]

To date, Defendant has not responded to the Order to Show Cause, and has not appeared through new counsel. "Rules 16(f) and 37(b)(2)(C) of the Federal Rules of Civil Procedure

---

[1] Order Granting Motion for Withdrawal of Counsel, docket no. 59, filed Nov. 16, 2023.

[2] *Id*. at 1.

[3] *Id*.

[4] Order to Show Cause at 1, docket no. 62, filed Dec. 12, 2023.

[5] *Id*.

permit a court to enter a default judgment when a party disobeys a court order."[6] But because a "default judgment . . . represents an extreme sanction, it is appropriate only in cases of willful misconduct."[7] "A 'willful failure' is any intentional failure as distinguished from involuntary noncompliance[, b]ut no wrongful intent need be shown."[8] Additionally, before imposing a default judgment as a sanction, courts must consider the following factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.[9]

"Only when the aggravating factors outweigh the judicial system's strong predisposition to resolve cases on their merits is . . . default judgment an appropriate sanction."[10]

The circumstances of this case warrant the entry of default judgment against Defendant as a sanction for its failure to comply with court orders. Defendant, like any party that is sanctioned with default judgment, will suffer some prejudice by not having the merits of its defenses heard. However, Defendant has failed to appear through new counsel despite being ordered to do so.[11] And Defendant has failed to respond after being ordered to show cause for its failure to appear through new counsel.

Defendant's conduct resulted in the need for the entry of an amended scheduling order,[12] and has unreasonably delayed and impeded the prosecution of Plaintiff's claims.[13] Because of its

---

[6] *Derma Pen, LLC v. 4EverYoung Ltd.*, 736 Fed. App'x 741, 745 (10th Cir. 2018).

[7] *Id*. (internal quotations omitted).

[8] *Id*. (internal quotations and punctuation omitted).

[9] *Id*. at 745-746 (internal quotations omitted).

[10] *Id*. at 746 (internal quotations and punctuation omitted).

[11] Motion for Extension of Deadlines Set by the Fifth Amended Scheduling Order, docket no. 60, filed Dec. 6, 2023; Order Granting Motion for Withdrawal of Counsel at 1-2.

[12] Sixth Amended Scheduling Order, docket no. 61, filed Dec. 7, 2023.

[13] Order to Show Cause at 2.

knowledge of the orders and clear directives,[14] Defendant's failures to comply with the orders is willful. Defendant has also twice been warned that its failure to comply with the orders may result in entry of default judgment as a sanction.[15] And any lesser sanction at this time would be ineffective because of Defendant's willful failure to appear in the case since its counsel's withdrawal.

Therefore, the circumstances warrant a sanction of default judgment against Defendant for its failure to comply with court orders.

## ORDER

IT IS HEREBY ORDERED that default judgment in favor of Plaintiff and against Defendant shall enter as a sanction for Defendant's failure to comply with court orders. Plaintiff is directed to file, by no later than January 31, 2023: (1) an affidavit identifying its damages; and (2) a proposed default judgment against Defendant.

Signed January 2, 2024.

BY THE COURT

_____
David Nuffer
United States District Judge

---

[14] The orders were mailed by the Clerk to Defendant at its last known addresses.

[15] Order Granting Motion for Withdrawal of Counsel at 1; Order to Show Cause at 1.